MeNdersoN, Chief-Justice.
 

 This case comes before us on a bill of interpleader, and depends on the construction of
 
 Miles Kayner’s
 
 will. The first point is, are the words,
 
 “
 
 the youngest child then living,” confined in i’neir operation to the first division, or do they also apply to the other divisions contemplated by the testator ? That he did contemplate other divisions, is evident, as he directs tlie residue of his property to be kept undivided ; and also, that none of his children, who have received an equal share, shall have any part of the nndi-
 
 *12
 

 vidfl residue, so long as there is a child, that has noire-ceived a share.
 
 I am of opinion, that the words
 
 “ then
 
 living”
 
 go
 
 through, and operate upon each successive division, and finally vest the manor plantation in the one who is the youngest, at the time of the last division. Nothing personal governed the testator in giving the manor plantation to the
 
 youngest;
 
 as it was quite uncertain who would be the youngest, even when the first-division was to be made. It must have arisen therefore, from a fitness, in his estimation, that the youngest child should have the manor lands
 
 ;
 
 or it was better suited to the other provisions of the
 
 will;
 
 either of which motives may he said to be continuing, and operating until the last division. Besides, it was impossible, that the residue of his estate should be kept undivided for his other children, and yet the manor plantation he given, or set apart in severalty, to the youngest child at the time of the first division. And if the words “
 
 then
 
 living” do not apply to the first division, they must apply to the. others, on to the last division. We therefore think, that the manor plantation vested in
 
 Martha,
 
 who was the youngest child at the marriage of
 
 Mary Jinn,
 
 when she had á right to call for a division ; and which would put an end to the joint possession. By the words of the will, each child took a vested interest in right, but not in severalty. Upon the death of
 
 John,
 
 his estate descended to his heirs : but as they are his sisters, it makes no difference in this case.
 

 The next question is, shall the $4000, the testator’s estimate of the value of the manor plantation, be considered in the division as land or money ? And are the two funds, land and personal estate, to be kept separate an ; distinct in the division ? We think, very clearly, that it is land, and should be thrown into the land division, There is nothing to make it personalty. The valuation of it, made by the testator, could not have that, effect, it was only doing then, what the commissioners would have had to do, upon making partition. If therefore,, there are lands equal in value, and no more, they may be allotted to
 
 Mary Jinn.
 
 If more, the surplus will,
 
 *13
 
 be equally divided between tbe sisters. If less, then the difference must be made up from the personal property.
 

 The clerk of this court will take an account of the estate, both real and personal, of the defendants,
 
 Mary Jun
 
 and Martha, which was of the estate of their father,
 
 Miles Rayner,
 
 and was, or ought to have been, in the hands of the plaintiff, their guardian, at the time of the marriage of the defendants
 
 Mixon
 
 and
 
 Mary Jinn
 
 ; and state an account between him and each of his wards.
 

 Per Curiam. — Decree according.!, v.